IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEX WARREN KLINGLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-721-PRW |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court are Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 24) and Petitioner's Objection (Dkts. 27, 29).[1] Also before the Court is Petitioner's Motion to Appoint Counsel (Dkts. 28, 30).[2] For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation (Dkt. 24); **DENIES** Petitioner's habeas Petition (Dkt. 1); and **DENIES** Petitioner's Motion to Appoint Counsel (Dkts. 28, 30).

### *Background*

Petitioner, a state prisoner appearing pro se, challenges his state court convictions. Petitioner was convicted in the District Court of Grady County, Oklahoma of ten counts: three counts of Assault and Battery with a Deadly Weapon, in violation of 21 O.S. § 652;

---

[1] Petitioner mailed in two copies of his Objection to ensure that it had been received (*See* Dkt. 29-1).

[2] Petitioner also mailed in two copies of his Motion to Appoint counsel to ensure that it had been received (*See* 30-1). The Court treats the filings as one motion.

six counts of Shooting with Intent to Kill, in violation of 21 O.S. § 652(A); and one count of Maiming, in violation of 21 O.S. § 751.[3] The convictions stemmed from a shootout between Petitioner and officers with the Chickasha Police Department who were executing a search warrant at Petitioner's residence.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on four grounds: (1) insufficient evidence to overcome his affirmative defense of justified use of deadly force; (2) a violation of Oklahoma's law against multiple punishments and federal double jeopardy; (3) lack of jurisdiction; and (4) ineffective assistance of counsel (Dkt. 1). Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), raising his first two grounds for relief. The OCCA affirmed his conviction, and the United States Supreme Court denied Petitioner's writ of certiorari. Petitioner then applied for post-conviction relief, raising his last two grounds of relief. The district court denied Petitioner's application, and the OCCA affirmed that denial. This action followed.

Magistrate Judge Mitchell analyzed each ground for relief and concluded that the Court should deny the Petition on all grounds. Petitioner timely filed an Objection to the Report and Recommendation, so the Court considers all properly objected to portions of Judge Mitchell's Report and Recommendation *de novo*.[4] Because Petitioner is pro se, the Court construes his objections liberally without serving as his advocate.[5]

---

[3] Judgment and Sentence (Dkt. 18-2).

[4] Fed. R. Civ. P. 72(b)(3).

[5] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Legal Standard*

This Court's review is governed by the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, habeas relief may be granted only if the state court's adjudication of the issues on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented."[6] "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[7] This Court's review of OCCA's determinations is thus highly deferential.[8]

*Analysis*

As an initial matter, some of Petitioner's Objection is dedicated to contesting the validity of the search warrant that the Chickasha Police were executing at the time of the shooting, and the proper procedures for executing the same.[9] But these issues were not raised in the Petition, so they are deemed waived.[10]

---

[6] 28 U.S.C. § 2254(d)(1)–(2).

[7] *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

[8] *See id.* at 102–03.

[9] Pet.'s Obj. (Dkt. 27), ¶¶ 1–3, 6, 7.

[10] *See McMullin v. Bravo*, 530 F. App'x 693, 696 (10th Cir. 2013) (citations omitted) (finding that claims not raised in the original habeas petition were waived); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("[Petitioner] raises several other alleged failures of counsel

I.     **Insufficient Evidence**

As to Ground One, Petitioner argues that there was insufficient evidence "to overcome [his] affirmative defense of justifiable use of deadly force in violation of due process."[11] The OCCA concluded that there was sufficient evidence to convict Petitioner. Judge Mitchell determined that the OCCA's conclusion was not the result of an unreasonable application of, or contrary to, clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented at trial because a rational trier of fact could have concluded beyond a reasonable doubt that Petitioner was not acting in defense of habitation when he shot at law enforcement officers.[12]

Petitioner objects, but only to argue that certain facts favorable to Petitioner precluded Judge Mitchell's determination. However, on habeas review, the question is "whether the OCCA correctly identified the governing legal principle from *Jackson* and reasonably applied it to the facts of [the petitioner's] case."[13] Here, the OCCA acknowledged the existence of conflicting evidence in the record.[14] But after noting that it

---

to object at trial, all of which he has waived by failing to assert them in his district court habeas petition."); *see also Mays v. Dinwiddie,* 441 F. App'x 575, 578 (10th Cir. 2011) ("As a general rule, we will not consider issues on appeal that were not raised before the district court as part of the habeas petition.").

[11] Pet. (Dkt. 1), at 6.

[12] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979)

[13] *Hooks v. Workman*, 689 F.3d 1148, 1167 (10th Cir. 2012) (citing *Matthews v. Workman,* 577 F.3d 1175, 1183 (10th Cir.2009)).

[14] OCCA Summary Op. (Dkt. 18-1), at 3.

4

must "presume that the trier of fact resolved any conflicts in the evidence in favor of the prosecution[,]" it concluded that there was sufficient evidence such that "the jury could have found beyond a reasonable doubt that [Petitioner] did not shoot at the police in defense of habitation[.]"[15] This conclusion was not an unreasonable application of *Jackson's* controlling legal principal to the facts of Petitioner's case considering the substantial evidence presented by the state discrediting Petitioner's version of events, as described by Judge Mitchell.[16] Upon *de novo* review, this Court concurs with Judge Mitchell's conclusions.

## II. Double Jeopardy

Ground Two of the Petition asserts that Petitioner's convictions for both Count I (assault and battery) and Count XI (maiming) violate Oklahoma's law against multiple punishments and the Double Jeopardy Clause because the two counts stem from the same act. Judge Mitchell analyzed the merits of this claim, concluding that the OCCA's determination that the two counts did not violate the Double Jeopardy Clause was not contrary to, or an unreasonable application of, *Blockburger* because each crime requires proof of an element that the other does not.[17] Judge Mitchell further concluded that

---

[15] *Id.* at 3–4; *see Jackson*, 443 U.S. at 319 ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in original) (citation omitted)).

[16] R. & R. (Dkt. 24), at 18–19.

[17] *See Blockburger v. United States,* 284 U.S. 299, 304 (1932).

Petitioner's argument regarding Oklahoma's law prohibiting multiple punishments was solely a matter of state law, and as such, it cannot serve as grounds for federal habeas relief.

Petitioner does not object to Judge Mitchell's conclusion that the OCCA reasonably applied *Blockburger* to Petitioner's federal double jeopardy claim. Rather, Petitioner objects to Judge Mitchell's conclusion that his state law claim cannot serve as grounds for federal habeas relief, arguing that "the Fourteenth Amendment to the U.S. Constitution prohibits the prejudice from this state law violation because it renders the trial fundamentally unfair, e.g. because it inflames the jury."[18] Reading this in conjunction with his reply brief—in which Petitioner argued that a state's violation of its own rules "can result in a violation of the Fourteenth Amendment, which is cognizable on habeas review"[19]—Petitioner appears to be arguing that he was denied due process when the state purportedly violated its own law against multiple punishments by bringing charges for both assault and battery and maiming.

But "[a] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label."[20] To bring a due process claim premised on a state's failure to follow its own laws, a petitioner "must show that the alleged violation of state law denied him due process under the Fifth and Fourteenth Amendments."[21] Further,

---

[18] Pet.'s Obj. (Dkt. 27, ¶ 12).

[19] Pet.'s Reply (Dkt. 23), ¶ 3(A).

[20] *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) (citing *Gryger v. Burke*, 334 U.S. 728, 731 (1948)).

[21] *Aycox v. Lytle*, 196 F.3d 1174, 1179–80 (10th Cir. 1999) (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980)).

"the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience."[22] Here, Petitioner has not shown a violation of state law. And even if he had, he has failed to show that any violation of state law resulted in fundamental unfairness or deprived him of due process.[23] This objection is without merit. Judge Mitchell correctly concluded that Petitioner's claim regarding Oklahoma's prohibition on multiple punishments is solely a matter of state law and cannot serve as grounds for federal habeas relief.

### III. Jurisdiction

As to Ground Three, Petitioner asserts that the state court lacked jurisdiction to issue a search warrant or prosecute him because his home was within the boundaries of an Indian reservation—specifically, the Chickasaw Nation. As such, Petitioner contends that the Chickasha Police were required to obtain the consent or authorization of the Chickasaw Nation prior to obtaining a search warrant for his home. The OCCA determined that because Petitioner never offered any evidence that he was an Indian, the state court properly exercised jurisdiction over him, and Judge Mitchell concluded that the OCCA reasonably applied clearly established federal law in reaching this conclusion.

Petitioner's objection on this ground generally reasserts his argument made in his application for post-conviction relief and in his Petition. But as explained by Judge

---

[22] *Id.* (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129–30 (1992)).

[23] *See id.* ("[Petitioner] has not shown, by clearly established Supreme Court precedent, that [the state's decision] resulted in any fundamental unfairness or otherwise denied him due process of law.").

Mitchell, the Court cannot grant habeas relief unless the state court's adjudication of the issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented."[24] Here, the OCCA's determination of this claim was not contrary to, or the result of an unreasonable application of, federal law, because Petitioner did not—and still doesn't—argue that he is an Indian or that his victim was an Indian.[25]

## IV. Ineffective Assistance of Counsel

Petitioner's final ground for relief is a claim for ineffective assistance of counsel. The OCCA held that this claim was procedurally barred because Petitioner did not raise it on direct appeal, but rather raised it for the first time in his application for post-conviction relief. In analyzing this claim, Judge Mitchell concluded that this claim is readily resolved on the merits, so the Court should bypass the procedural bar and dispose of this claim on the merits. Judge Mitchell then set forth the governing federal law—*Strickland v. Washington*[26]—and concluded that in light of *Strickland's* deferential standard, Petitioner's ineffective assistance of counsel claim fails on the merits because Petitioner failed to show that his trial or appellate counsel's performance was deficient and

---

[24] 28 U.S.C. § 2254(d)(1)–(2).

[25] *See Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 212 (1978) ("Indian tribes do not have inherent jurisdiction to try and to punish non-Indians."); *McGirt v. Oklahoma*, 591 U.S. 894, 899 (2020) ("[N]othing we might say today could unsettle Oklahoma's authority to try non-Indians for crimes against non-Indians on the lands in question." (citing *United States v. McBratney*, 104 U.S. 621, 623–624 (1882)).

[26] 466 U.S. 668 (1984).

prejudicial. Petitioner makes no specific objection to this conclusion.[27] Upon review, the Court agrees with Judge Mitchell's analysis and conclusions.

## V. Petitioner's Motion to Appoint Counsel

After filing his Objection, Petitioner filed a Motion to Appoint Counsel (Dkts. 28, 30), requesting court-appointed counsel. There is no constitutional right to counsel in a habeas proceeding unless an evidentiary hearing is required.[28] A district court may, however, in its discretion, appoint counsel when the "interests of justice so require."[29]

The Court finds that the appointment of counsel is not warranted in this case due to the lack of merit in Petitioner's claims as described above, the nature and complexity of the issues raised, and the fact that Petitioner has presented his claims in a capable and intelligent manner thus far.[30]

---

[27] Petitioner argues in his Objection, as he did in his Reply (Dkt. 23), that these proceedings should be stayed pending the Supreme Court's decision in *Glossip v. Oklahoma*. This request is unwarranted because (1) *Glossip* has now been decided, *see* 604 U.S. ___, 145 S. Ct. 612 (2025), and (2) Judge Mitchell analyzed Petitioner's ineffective assistance of counsel claim on the merits, so any argument related to Oklahoma's Post-Conviction Procedures Act is irrelevant.

[28] *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994) (citations omitted).

[29] 18 U.S.C. § 3006A(a)(2)(B); *see Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) ("The decision to appoint counsel is left to the sound discretion of the district court[.]" (citation omitted)).

[30] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir.1991)) (other citation omitted) (setting forth the factors to consider when determining whether to appoint counsel in a civil case).

*Conclusion*

Upon *de novo* review, the Court concurs in Magistrate Judge Mitchell's conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 24) in full; and **DENIES** the habeas Petition (Dkt. 1).

Before a habeas petitioner may appeal the denial of a section 2254 petition, he must obtain a Certificate of Appealability ("COA").[31] A COA may issue only upon "a substantial showing of the denial of a constitutional right."[32] "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[33] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

---

[31] *Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)).

[32] § 2253(c)(2).

[33] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

whether the district court was correct in its procedural ruling."[34] Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.

Petitioner's Motion to Appoint Counsel (Dkts. 28, 30) is also **DENIED**.

**IT IS SO ORDERED** this 5th day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[34] *Id.*